1   Patric A. Lester (SBN 220092)
    pl@lesterlaw.com
2   **Lester & Associates**
    5694 Mission Center Road, #385
3   San Diego, CA 92108
    Phone: (619) 665-3888
4   Fax: (314) 241-5777

5   Scott M. Grace (SBN 236621)
    sgrace@lawllh.com
6   **Luftman, Heck & Associates, LLP**
    1958 Sunset Cliffs Blvd.
7   San Diego, CA  92107
    Phone: (619) 346-4612
8   Fax:  (619) 923-3661

9   Attorneys for Plaintiff

10                    **IN THE UNITED STATES DISTRICT COURT**

11                  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12   IRIS C. SALAMANCO,                      ) Case No.   **'12 CV 2973 MMA DHB**
                                             )
13                          Plaintiff,       ) COMPLAINT
                                             )
14          vs.                              ) JURY TRIAL DEMANDED
                                             )
15   WINN LAW GROUP, and                     )
     CAVALRY SPV I, LLC,                     )
16                                           )
                            Defendants.      )
17   _____)

18                                **INTRODUCTION**

19          1.      The United States Congress has found abundant evidence of the use of abusive,

20   deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive

21   debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the

22   loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices

23   Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure

24   that those debt collectors who refrain from using abusive debt collection practices are not competitively

25   disadvantaged, and to promote consistent State action to protect consumers against debt collection

26   abuses.

27          2.      The California legislature has determined that the extension of consumer credit through

28   banking and business transactions is dependent upon the collection of just and owing debts, yet unfair

or deceptive collection practices undermine the public confidence essential to the continued functioning of a sound banking and credit system.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.     This is an action for actual damages, statutory damages, and attorneys' fees and costs brought by an individual consumer, Iris C Salamanco, (hereinafter "Plaintiff") against Winn Law Group, a Professional Corporation and Cavalry SPV I, LLC, (hereinafter "Defendants") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1]  the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act.")[2]

4.     Winn Law Group was acting as an employee and agent of Cavalry SPV I, LLC as well as on its own, and therefore, Cavalry SPV I, LLC can be held responsible and is vicariously liable for the conduct of Winn Law Group.

5.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

6.     This action arises out of Defendant's violations of the FDCPA and Rosenthal Act.

7.     Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9.     As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## THE PARTIES

10.    Plaintiff is a natural person residing in Los Angeles County, California.

---

[1] All undesignated section references to § 1692 are to the FDCPA
[2] All undesignated section references to § 1788 are to the Rosenthal Act

11.     Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and California Civil Code section 1788.2(f) and allegedly owed to Bank of America (hereinafter "Debt").

12.     Plaintiff is a "debtor" as that term is defined by California Civil Code section 1788.2(h).

13.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

14.     Defendant is a person and/or business entity who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6).

15.     Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in California Civil Code section 1788.2(c).

## FACTUAL ALLEGATIONS

16.     Prior to January 4, 2009, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt.

17.     Prior to May 30, 2009, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection.

18.     At various and multiple times prior to the filing of the instant complaint, including within one (1) year preceding the filing of this complaint, Defendant contacted Plaintiff in attempts to collect the debt as defined by § 1692a (5) of the FDCPA and the consumer debt as defined by California Civil Code section 1788.2(f) of the Rosenthal Act.

### Filing of State Court Action Containing Misrepresentations

19.     Within one (1) year preceding of the filing of this Complaint, Defendant filed suit, or served a copy of that suit on Plaintiff, against Plaintiff in the Superior Court of California, attempting to collect the debt (hereinafter "SCA") attached hereto, marked Exhibit "A" and incorporated by reference herein. The SCA contained and was a communication within the meaning of §1692a(2) of the FDCPA.

### Unlawful Interest Rate

20.     Defendant misrepresented the character, amount and legal status of the debt.

21.     Defendant attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

22.     Defendant collected or attempted to collect unlawful interest.

23.     In the SCA, Defendant claims a right to a fixed annual interest rate of 24.99 percent. Defendant claims that right to a fixed interest rate of 24.99 percent when in fact, assuming without conceding there is any right to interest at all under a prior agreement with Bank of America, it is a right to a variable rate ranging from less to more than the fixed rate alleged.

24.     The representation that the Plaintiff had previously agreed to pay a fixed rate of 24.99 percent per annum interest was untrue. Through this representation, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

25.     Additionally, there is no applicable statute that gives rise to a right to 24.99 percent fixed interest.

26.     Defendant cannot point to any contract giving rise to a right to that fixed rate of interest. All of the documents provided by Defendant, in the SCA litigation, clearly provide for a variable rate. There is no basis in any document provided by Defendant to believe that Defendant or any other party, including Bank of America, ever possessed the right to charge Plaintiff a fixed rate of interest of 24.99 percent.

27.     Defendant fabricated a claim to a fixed interest rate of 24.99 percent in order to maximize their profits and to avoid the task of calculating the correct rate under the contract they claim.

28.     By acting as stated above Defendant committed clear misrepresentations, and violations of. § 1692e, § 1692e2(A), § 1692e(10), § 1692f and § 1692f(1) of the FDCPA.

29.     These misrepresentations were material. See *Donohue v. Quick Collect, Inc.* (9th Cir. 2010) 592 f 3d 1027, 1034 in which the court stated the rule clearly:  "Misrepresenting the interest rate of a debt, or attempting to collect an inflated interest rate, is a violation of the FDCPA, as long as the misrepresentation is material.", citing  *Hahn V Triumph Partnerships, LLC.* (7th Cir. 2007) 557 F 3d 755, 757, in which the Court found that "[a]pplying an incorrect rate of interest would lead to a real injury…".

30.     As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff

suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendant is liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

31.     Due to Defendants' actions, Plaintiff suffered further actual damages in the form of attorneys' fees and costs incurred in having to hire counsel and to defend against Defendants' untimely collection lawsuit.

32.     Because the above stated conduct violated certain portions of the FDCPA, as these portions are incorporated by reference in California Civil Code section 1788.17, each of the foregoing acts and omissions  also violated California Civil Code section 1788.17.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

33.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

34.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

35.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from defendant.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

36.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

37.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendant violations, as enumerated above, of the FDCPA.

38.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

39.     Pursuant to California Civil Code section 1788.32, the remedies provided under

California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

40.    As a result of each and every violation by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under California Civil Code section 1788.30(a), statutory damages of $1000.00 under California Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of California Civil Code section 1788.17, and attorney's fees and costs under California Civil Code section 1788.30(c), from the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

(1)    Assume jurisdiction in this proceeding;

(2)    Declare that the Defendant violated the FDCPA;

(3)    Declare that the Defendant violated the Rosenthal Act;

(4)    Award of actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) and California Civil Code section 1788.30(a);

(5)    Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(6)    Award of statutory damages of $1,000.00 pursuant to California Civil Code section 1788.17[3] ;

(7)    Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a)(3) and California Civil Code section 1788.30(c);

(8) Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

41.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

//

//

---

[3] § 1692k(a)(2)(A)of the FDCPA

Dated December 13, 2012

**Lester & Associates**

By _____s/ Patric A. Lester_____
Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com